THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
***A PROFESSIONAL LAW CORPORATION***
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    (415) 674-8600
Facsimile:    (415) 674-9900
Email:        tfrankovich@disabilitieslaw.com

Attorney for Plaintiffs IRMA RAMIREZ
and DAREN HEATHERLY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ; and DAREN HEATHERLY, <br><br> Plaintiffs, <br><br> v. <br><br> HAPPY HEN DINER; and CARDOSA PROPERTIES, INC., <br><br> Defendant. | **CASE NO.** <br> **Civil Rights** <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) <br><br> **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br> **3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* <br><br> **4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) <br><br><br> **DEMAND FOR JURY** |

Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY complain of defendant CARDOSA PROPERTIES, INC. and allege as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability community are members, for failure to remove architectural barriers structural in nature at defendant's HAPPY HEN, a place of public accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person with physical disabilities who, on or about May 26, 2014 and September 25, 2014 and (**deterred thereafter**), was an invitee, guest, patron, customer at defendant's HAPPY HEN, in the City of Santa Rosa, California.  At said times and place, defendant failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to parking, entrance, men's restroom and women's restroom.  The denial of access was in violation of both federal and California legal requirements, and plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq*., including §19959; California Building Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 3020 Santa Rosa Avenue, in the City of Santa Rosa, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff IRMA RAMIREZ relies on a wheelchair and/or crutches to travel about in public.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and Diabetes. Plaintiff DAREN HEATHERLY relies on a wheelchair to travel about in public.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

Consequently, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.     **DEFINITIONS:**

a.     **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

b.     **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm. (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

c.   **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d.   **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

f.   **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.   **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

h.   **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.   **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

j.   **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

k.   **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

7.   The HAPPY HEN, is a restaurant, located at/near 3020 Santa Rosa Avenue, Santa Rosa, California 95407.  The HAPPY HEN, its parking, entrance, men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the HAPPY HEN  and each of its facilities, its  parking, entrance, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

8.   Defendant CARDOSA PROPERTIES, INC. is the owner of the real property (land and building) located at or near 3020 Santa Rosa Avenue, Santa Rosa, California.

9.   Defendant CARDOSA PROPERTIES, INC. is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as HAPPY HEN, located at/near 3020 Santa Rosa Avenue, Santa Rosa, California, or of the building and/or buildings which constitute said public accommodation along with, Emily Moussamih.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     At all times relevant to this complaint, defendant CARDOSA PROPERTIES, INC., owns and operates in joint venture the subject HAPPY HEN as a public accommodation with Emily Moussamih.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

11.     On or about the year of 2004, defendant CARDOSA PROPERTIES, INC. and each of them purchased and/or took possessory control of the premises now known as HAPPY HEN.  At all times prior thereto, defendant and each of them was aware of its obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that HAPPY HEN was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated HAPPY HEN as though it was accessible.

12.     At all times relevant to this complaint, defendant CARDOSA PROPERTIES, INC. and Emily Moussamih are jointly and severally responsible to identify and remove architectural barriers at the subject HAPPY HEN pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201     General

(b)   *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

14.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the HAPPY HEN as being handicapped accessible and handicapped usable.

15.     On or about May 26, 2014 and September 25, 2014, plaintiff IRMA RAMIREZ and/or plaintiff DAREN HEATHERLY each was an invitee and guest at the subject HAPPY HEN, for purposes of food and beverage.  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.

16.     After sending notice letters on June 25, 2014, to the landlord and/or tenant about access problems, plaintiffs returned to the subject HAPPY HEN, for the purposes of participating in the goods and services provided and to see whether this public accommodation had been made more accessible.  Almost a quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.

17.     On or about May 26, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the following architectural barriers in the parking lot of HAPPY HEN and as a legal result had the following adverse experiences: there was no van accessible parking; the space for disabled access aisles was on the wrong side and too narrow/plaintiffs backed into the stall and deployed their ramp; both were fearful that another vehicle might park in the stall or left side of the vehicle and effectively block re-entering.

18.     On or about September 25, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the following architectural barriers in the parking lot of HAPPY HEN and as a legal result had the following adverse experiences: there was no van accessible parking; the parking space for the disabled access aisles was on the left side/plaintiffs had to park their vehicle diagonally across two (2) parking spaces so as not to be blocked from re-entering and feared someone might vandalize their vehicle for taking up two (2) spaces.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19.    On or about May 26, 2014 and September 25, 2014, plaintiff IRMA RAMIREZ and/or plaintiff DAREN HEATHERLY encountered the following architectural barriers at the entrance to HAPPY HEN and as a legal result had the following adverse experiences: the door pressure was excessive/each plaintiff would struggle to open the door; a male patron came to the door and opened it for each plaintiff; plaintiff DAREN HEATHERLY was not present for the September 25, 2014 visit.

20.    On or about May 26, 2014 and September 25, 2014, plaintiff IRMA RAMIREZ encountered the following architectural barriers in the women's restroom of HAPPY HEN and as a legal result had the following adverse experiences: the stall was too narrow for a wheelchair to enter and close the stall door; the toilet seat dispenser was too high; and the lavatory apron is too low/plaintiff IRMA RAMIREZ had to block the door; the whole situation was awkward, embarrassing and difficult; plaintiff IRMA RAMIREZ could not use the lavatory or reach the toilet seat dispenser without struggling; on the September 25, 2014 occasion, it was different; while waiting for a take out order, plaintiff IRMA RAMIREZ went to the women's restroom to see if it had been made more accessible, it had not; plaintiff did not want the struggle to get in and be embarrassed by blocking the door to get into the restroom; plaintiff IRMA RAMIREZ left.

21.    On or about May 26, 2014, plaintiff DAREN HEATHERLY encountered the following architectural barriers at the men's restroom at HAPPY HEN and as a legal result had the following adverse experiences: plaintiff DAREN HEATHERLY saw numerous architectural barriers; lavatory had knobs; "p" trap was not insulated; lavatory apron to low/plaintiff DAREN HEATHERLY could not use the lavatory as he could not get the assistance of the man who opened the entry door; plaintiff DAREN HEATHERLY needed to wet his hat; plaintiff DAREN HEATHERLY was otherwise deterred from using other elements of the men's restroom.

///

///

///

///

22.     On or about June 25, 2014, plaintiff IRMA RAMIREZ wrote two (2) letters to the landlord and tenant.  She wrote:

> "About a month and a half ago my husband and I visited Happy Hen Diner. We enjoyed your food very much.  As we both use a wheelchair, we had a few problems at your restaurant.  When we arrived we had problems with the parking.  There was no van accessible parking and the access aisle was on he wrong  side.   The door pressure  was too heavy but a gentleman in the restaurant was kind enough to open the door for us.  We both  had a few problems with your restrooms.  The door pressure was too high for both restroom doors.  In the women's restroom the stall was not wide enough to accommodate a wheelchair.  In the men's restroom the lavatory apron was too low and my husband could not get his knees underneath the counter.  Because the urinal was so close to the lavatory my husband had a difficult time maneuvering his wheelchair between them almost getting stuck. These were just a few of the problems we had.  I thought the landlord and the tenant should know about this.  That's why I wrote this identical letter to both of you.  It's like letting the right hand know what the left hand is doing!  If you both put your heads and hands together, I know the two of you can fix this problem. Some of the simple things like repainting the handicap parking stall and adjusting the door pressure could be done by a handyman.  Maybe you could see about rearranging the restroom so a wheelchair user can use it. You need to learn what needs to be done and do it now.  You need to do your own inspection.  You don't need to take my word for it.  So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232 and ask them to send you all the information they have on access then you will know what to look at and what needs to be done.  Anyway, please write me when get this letter, tell me what will be done and when.  Thanks!"

Plaintiff IRMA RAMIREZ never received a response and neither letter was returned to her from the United States Postal Service.

23.     On or about September 26, 2014, and thereafter, plaintiff would have returned to HAPPY HEN but was deterred from returning for the fear that once he/she returned, he/she would encounter all of the same architectural barriers as on the first visit and that not even the easiest barrier(s) would have been removed such as the following: fixed the parking and reduced front door pressure, to make it easier to enjoy the goods, services and opportunities afforded by this public accommodation.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24.     At said times and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had need to use a restroom.  It did not matter whether it was designated as a men's or women's restroom as long as it was accessible.

25.     Therefore, at said times and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.     lack of disabled van accessible parking stall;

        b.     lack of an accessible entrance due to excessive door pressure;

        c.     lack of a handicapped-accessible women's public restroom;

        d.     lack of a handicapped-accessible men's public restroom;

        e.     lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

        f.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

26.     Specific architectural barriers encountered by plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY at said time(s) and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiffs as stated herein, the barriers include, but are not limited to:

**PARKING**

      •     no disabled parking signage;

      •     no van accessible parking stall and proper access aisle;

      •     no tow-a-way signage with phone number;

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ENTRANCE**

•        no International Symbol of Accessability (ISA) signage

•        excessive door pressure;

**RESTROOMS**

•        noncomplying restrooms;

•        no International Symbol of Accessability (ISA) signage;

•        knobs and latches that require grasping, turning or pinching;

•        excessive door pressure throughout;

•        lack of a "self closer" on the stall doors;

•        toilet that is not usable as whole or in part (16" to centerline);

•        stalls are not wide enough;

•        dispenser(s) located too high/not usable;

•        toilet paper dispenser(s) at incorrect placement (above grab bar);

•        toilet seat dispenser(s) too high or not usable (approximately 58");

•        lavatory apron too low;

•        lavatory hardware;

•        lavatory "p" trap not insulated;

•        insufficient clear space.

Therefore, as a legal result of encountering each of said elements, plaintiffs experienced one, all, or a combination of the following adverse experiences: stress, strain, difficulty, and discomfort to his/her upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

      27.    At all times as stated herein, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his/her disability.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28.     At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

29.     At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY from full and equal opportunities afforded to non disabled persons to the goods and services of HAPPY HEN.

30.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY were and are deterred from returning to HAPPY HEN so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG compliant.

31.     At said times and place, when plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the architectural barriers as stated herein, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiffs' physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

32.     Said architectural barriers as stated herein deprived and deterred plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject HAPPY HEN.

33.     At all times stated herein, the existence of architectural barriers at defendant's place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

34.     On or about June 25, 2014, defendant(s) were sent two (2) letters by or on behalf of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his/her letter, promising to immediately remove the barriers and providing a date when that would be accomplished.  Said letters are attached hereto collectively as **exhibit "A"** and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

35.     As a legal result of defendant CARDOSA PROPERTIES, INC.'s failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

36.     As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

37. As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

38. Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

39. Defendant's failure to remove the architectural barriers complained of herein created, at the time of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY harm as stated herein.

40. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied his/her rights to equal access to a public facility by defendant CARDOSA PROPERTIES, INC., because defendant CARDOSA PROPERTIES, INC. maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to parking, entrance, men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

///

41.     Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

42.     Defendant may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

43.     Defendant has been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

44.     Because of defendant's violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiffs seek an order from this court compelling defendants to make the HAPPY HEN accessible to persons with disabilities.

45.     Each plaintiff, as described hereinbelow, seeks injunctive relief to require the HAPPY HEN to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the HAPPY HEN as a public facility.

46.     Plaintiffs believe that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not, under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.     Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on May 26, 2014 and September 25, 2014 and **deterrence occasions** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and implied malice toward each plaintiff, and despicable conduct carried out by defendant, and each of them, with a willful and conscious disregard for the rights and safety of each plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

48.     Each plaintiff is informed and believes and therefore alleges that defendant CARDOSA PROPERTIES, INC., and each of them, caused the subject building(s) which constitute the HAPPY HEN to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the HAPPY HEN and were denied full and equal use of said public facilities.

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Furthermore, on information and belief, defendant has continued to maintain and operate said

2   restaurant and/or its building(s) in such conditions up to the present time, despite actual and

3   constructive notice to such defendant that the configuration of the HAPPY HEN and/or its

4   building(s) is in violation of the civil rights of persons with physical disabilities, such as

5   plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and other members of the

6   disability community.  Such construction, modification, ownership, operation, maintenance

7   and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health

8   and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

9       49.    Defendant's actual and constructive notice that the physical configuration of

10  the facilities including, but not limited to, architectural barriers constituting the HAPPY HEN

11  and/or building(s) was in violation of the civil rights of persons with physical disabilities,

12  such as each plaintiff, includes, but is not limited to, coming into contact with public

13  accommodations with accessible elements and facilities since January 26, 1991,

14  communications with invitees and guests, plaintiff IRMA RAMIREZ herself, possibly

15  sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices

16  they obtained from governmental agencies upon modification, improvement, or substantial

17  repair of the subject premises and other properties owned by these defendants, newspaper

18  articles and trade publications regarding the Americans with Disabilities Act of 1990 and

19  other access laws, public service announcements by former U.S. Attorney General Janet Reno

20  between 1993 and 2000, and other similar information.  Defendant's failure, under state and

21  federal law, to make the HAPPY HEN accessible is further evidence of defendant's

22  conscious disregard for the rights of plaintiffs and other similarly situated persons with

23  disabilities.  Despite being informed of such effect on each plaintiff and other persons with

24  physical disabilities due to the lack of accessible facilities, defendant, and each of them,

25  knowingly and willfully refused to take any steps to rectify the situation and to provide full

26  and equal access for each plaintiff and other persons with physical disabilities to the HAPPY

27  HEN.

28  ///

Said defendant, and each of them, have continued such practices, in conscious disregard for the rights of each plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendant had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendant and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of each plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

50.     Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant CARDOSA PROPERTIES, INC., inclusive)
(42 U.S.C. §12101, *et seq.*)

51.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 50 of this complaint.

52.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

53.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

54.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

55.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

56.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

57.    The removal of the barriers complained of by plaintiffs as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of HAPPY HEN DINER pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    58.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

2  accomplishable and able to be carried out without much difficulty or expense."  The statute

3  defines relative "expense" in part in relation to the total financial resources of the entities

4  involved.  Each plaintiff alleges that properly repairing, modifying, or altering each of the

5  items that plaintiffs complains of herein were and are "readily achievable" by defendant

6  under the standards set forth under §301(9) of the Americans with Disabilities Act.

7  Furthermore, if it was not "readily achievable" for defendants to remove each of such

8  barriers, defendants have failed to make the required services available through alternative

9  methods which were readily achievable.

10    59.    On information and belief, construction work on, and modifications of, the

11  subject building(s) of HAPPY HEN DINER occurred after the compliance date for the

12  Americans with Disabilities Act, January 26, 1992, independently triggering access

13  requirements under Title III of the ADA.

14    60.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et

15  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil

16  Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to

17  discrimination on the basis of disability in violation of this title or have reasonable grounds

18  for believing that plaintiff is about to be subjected to discrimination in violation of §302.

19  Each plaintiff is deterred from returning to or making use of the public facilities complained

20  of herein so long as the premises and defendant's policies bar full and equal use by persons

21  with physical disabilities.

22    61.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person

23  with a disability to engage in a futile gesture if such person has actual notice that a person or

24  organization covered by this title does not intend to comply with its provisions."  Pursuant to

25  this section, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each has not

26  returned to defendants' premises since on or about September 25, 2014, but on information

27  and belief, alleges that defendant has continued to violate the law and deny the rights of each

28  plaintiff and of other persons with physical disabilities to access this public accommodation.

1  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

2  relief shall include an order to alter facilities to make such facilities readily accessible to and

3  usable by individuals with disabilities to the extent required by this title."

4       62.   Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

5  Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations

6  adopted to implement the Americans with Disabilities Act of 1990, including but not limited

7  to an order granting injunctive relief and attorneys' fees.  Each plaintiff will seek attorneys'

8  fees conditioned upon being deemed to be the prevailing party.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL
        ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND
        54.3, ET SEQ.**
        (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
        Against Defendant CARDOSA PROPERTIES, INC., inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.)*

13       63.   Plaintiffs replead and incorporate by reference as if fully set forth again herein,

14  the allegations contained in paragraphs 1 through 62 of this complaint.

15       64.   At all times relevant to this action, California Civil Code §54 has provided

16  that persons with physical disabilities are not to be discriminated against because of physical

17  handicap or disability.  This section provides that:

18              (a) Individuals with disabilities . . . have the same rights
        as the general public to full and free use of the streets,
19        highways, sidewalks, walkways, public buildings, medical
        facilities, including hospitals, clinics, and physicians' offices,
20        and other public places.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

65. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

66. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

67. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Each plaintiff has been and continue to be denied full and equal access to defendant's HAPPY HEN. As a legal result, each plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred from visiting the HAPPY HEN because of his/her knowledge and belief that the HAPPY HEN is inaccessible to persons with disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

68.   On or about May 26, 2014 and September 25, 2014 and **deterrence occasion(s)**, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY on each of their respective visits as stated herein suffered violations of Civil Code §§54 and 54.1 in that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied access to parking, entrance, men's restroom and women's restroom  and other public facilities as stated herein at the HAPPY HEN and on the basis that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was a person with physical disabilities.

69.   As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

70.   As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

///

///

71.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

72.     Each plaintiff has been damaged by defendant's, and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about May 26, 2014 and September 25, 2014 and **deterrence occasion(s)**, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

73.     As a result of defendant's, and each of their, acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendant to make its facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

**III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant CARDOSA PROPERTIES, INC., inclusive)
(Health & Safety Code §19955, *et seq.*)

74.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 73 of this complaint.

75.   Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

76.   Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the HAPPY HEN and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the HAPPY HEN and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///
///
///
///

77. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of HAPPY HEN and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

78. Restaurants such as the HAPPY HEN are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

79. As a result of the actions and failure to act of defendant, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, each plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of each plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

80. Attorneys' Fees -- As a result of defendant's acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in each plaintiff's own interests and in order to enforce an important right affecting the public interest. Each plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

2  and Civil Code §§54.3 and/or in the alternative, each plaintiff will seek attorneys' fees, costs

3  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C.

4  200(a)-3(a)).  Each plaintiff will seek attorneys' fees conditioned upon being deemed to be

5  the prevailing party.

6       81.    Each plaintiff seeks injunctive relief for an order compelling defendant, and

7  each of them, to make the subject place of public accommodation readily accessible to and

8  usable by persons with disabilities.

9  **IV.**    **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
        **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

10          **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,**
        ***ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

11          (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY,  and
        Against Defendant CARDOSA PROPERTIES, INC., inclusive)

12          (Civil Code §51, 51.5)

13       82.    Plaintiffs replead and incorporate by reference, as if fully set forth again

14  herein, the allegations contained in paragraphs 1 through 81 of this complaint.

15       83.    Defendant's actions and omissions and failure to act as a reasonable and

16  prudent public accommodation in identifying, removing and/or creating architectural barriers,

17  policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights

18  Act.  The Unruh Act provides:

19          This section shall be known, and may be cited, as the
        Unruh Civil Rights Act.

20

21          All persons within the jurisdiction of this state are free
        and equal, and no matter what their sex, race, color, religion,

22          ancestry, national origin, or **disability** are entitled to the full
        and equal accommodations, advantages, facilities, privileges, or

23          services in all business establishments of every kind
        whatsoever.

24          This section shall not be construed to confer any right

25          or privilege on a person that is conditioned or limited by law or
        that is applicable alike to persons of every sex, color, race,

26          religion, ancestry, national origin, or **disability.**

27  ///

28  ///

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

84.    The acts and omissions of defendant stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30

85.     Defendant's acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at ¶51, *et seq.*, as if repled herein.

86.     As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

87.     As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

88.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

89.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant CARDOSA PROPERTIES, INC., inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendant CARDOSA PROPERTIES, INC., inclusive, to make the HAPPY HEN, located at 3020 Santa Rosa Avenue, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

///
///
///
///
///
///
///
///

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against  Defendant CARDOSA PROPERTIES, INC., inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendant CARDOSA PROPERTIES, INC., inclusive, to make the HAPPY HEN, located at 3020 Santa Rosa Avenue, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     General damages according to proof;

6.     For all costs of suit;

7.     Prejudgment interest pursuant to Civil Code §3291; and

8.     Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant CARDOSA PROPERTIES, INC., inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendant CARDOSA PROPERTIES, INC., inclusive, to make the HAPPY HEN, located at 3020 Santa Rosa Avenue, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

1       5.      Such other and further relief as the court may deem just and proper.

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant CARDOSA PROPERTIES, INC.,inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: November 10, 2014        THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*


By: _____/s/Thomas E. Frankovich_____
Thomas E. Frankovich
Attorney for Plaintiff IRMA RAMIREZ; and
Plaintiff DAREN HEATHERLY

///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: November 10, 2014

THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*


By: _____/s/Thomas E. Frankovich_____
Thomas E. Frankovich
Attorney for Plaintiff IRMA RAMIREZ; and
Plaintiff DAREN HEATHERLY