UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, et al.,<br><br>        Plaintiffs,<br><br>     v.<br><br>HAPPY HEN DINER, et al.,<br><br>        Defendants. | Case No.  14-cv-04967-JST<br><br>**ORDER TO: (1) SERVE DEFENDANT HAPPY HEN DINER; (2) SEEK ENTRY OF DEFAULT AGAINST DEFENDANT CARDOSA PROPERTIES; AND (3) SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: ECF Nos. 4, 10 |

On November 10, 2014, Plaintiffs filed this action, seeking relief under the Americans with Disabilities Act and California equal access and accommodation statutes.  ECF No. 1. Plaintiffs named as Defendants Cardosa Properties, Inc. and Happy Hen Diner.  Id.  On November 12, 2014, the Court issued an initial case management scheduling order, which set certain deadlines in the case.  See ECF No. 4.  That scheduling order set January 9, 2015 as the last date for Plaintiffs to complete service on Defendants or to file a motion for administrative relief from that deadline.  Id. at 1.  The order also set an April 6, 2015 deadline for Plaintiffs to file a "Notice of Need for Mediation."  Id.  With the exception of service on Cardosa Properties on February 10, 2015, ECF No. 10, none of the foregoing have occurred.  Plaintiffs have not served Defendant Happy Hen Diner, and have not filed their Notice of Need for Mediation.  Also, Defendant Cardosa Properties has not answered the complaint.

Accordingly, the Court hereby orders Plaintiffs to serve Defendant Happy Hen Diner within 14 days of this order.  If Plaintiffs have not done so, then they are ORDERED TO SHOW CAUSE why their claims against Happy Hen Diner should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]  The Court also orders Plaintiffs to seek entry of default

---

[1] "Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed,

United States District Court
Northern District of California

against Cardosa Properties within fourteen days of this order, as that Defendant has not filed a timely answer to the complaint. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . ."); <u>Id.</u> 55(a) ("Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Absent a showing of good cause, the Court will dismiss Plaintiffs' claims against this defendant.

The Court will conduct a hearing on the aforementioned Orders to Show Cause on May 27, 2014 at 2:00 p.m. If Plaintiff has served Happy Hen Diner[2] and sought entry of default against Cardosa Properties as required by this order, the Order to Show Cause will be vacated.

The Court will also conduct a Case Management Conference on May 27, 2014 at 2:00 p.m. All parties are ordered to appear personally. A Joint Case Management Statement must be filed by May 13, 2014.

IT IS SO ORDERED.

Dated: April 15, 2015

_____
JON S. TIGAR
United States District Judge

---

the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

[2] It is possible that Happy Hen Diner is merely a dba. But Plaintiffs have named it as a defendant in their complaint.