UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HAPPY HEN DINER, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-04967-JST<br><br>**ORDER IMPOSING SANCTIONS; DISMISSING DEFENDANT HAPPY HEN DINER FROM ACTION**<br><br>Re: ECF Nos. 11, 14 |

　　　　On April 15, 2015, the Court issued an Order to Show Cause in this case directing Plaintiffs to serve named Defendant Happy Hen Diner, and to seek entry of default against Defendant Cardosa Properties. See ECF No. 11. The Court also ordered Plaintiffs to show cause why their claims against Defendant Happy Hen Diner should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Id. The Court further cautioned that Plaintiffs' failure to show cause or otherwise comply with the Order would result in a dismissal of Plaintiffs' claims against Happy Hen Diner. Id. Finally, the Court set a hearing on the Order for May 27, 2015. Id. at 2.

　　　　Plaintiffs filed a response to the Order to Show Cause wherein they indicated that Happy Hen Diner was not a separate entity defendant, but was instead a d/b/a for Cardosa Properties. See ECF No. 12 at 1. Plaintiffs also explained that they re-served Cardosa Properties on April 12, 2015, and that Cardosa Properties' answer to the complaint was therefore due on May 4, 2015. See id. at 2. Plaintiffs asked the Court to continue the Order to Show Cause hearing to give Defendants time to hire counsel and answer the complaint. Id.

　　　　The Court continued the Order to Show Cause hearing to June 4, 2015. ECF No. 14. The Court ordered Plaintiffs to file an administrative motion vacating the Order to Show Cause if Cardosa Properties answered the complaint by the May 4, 2015 deadline. Id. at 1. If, however,

Cardosa Properties did not answer the complaint, the Court ordered Plaintiffs to seek entry of Cardosa Properties' default by May 19, 2015. See id. at 1-2. The Court ordered Plaintiffs to file an administrative motion to vacate the Order to Show Cause hearing in conjunction with their motion for entry of default. Id. at 2.

Cardosa Properties did not file an answer to the complaint by the May 4, 2015 deadline. Plaintiffs did not file a motion for entry of default against Cardosa Properties, nor did Plaintiffs file an administrative motion to vacate the June 4, 2015 Order to Show Cause hearing.

On June 2, 2015, Cardosa Properties answered the complaint.

On June 4, 2015, the Court held the Order to Show Cause hearing. See ECF No. 17. Plaintiffs did not appear at that hearing. See id. Counsel for Cardosa Properties, however, did appear, because the hearing remained on calendar. Because Plaintiff's conduct had forced Cardosa Properties' counsel to make an unnecessary court appearance, the Court inquired as to the amount Cardosa Properties would be billed for counsel's appearance. Counsel stated that his hourly rate is $400, and he would bill his client for $1,400, representing three-and-one-half hours of time, including travel time.

Accordingly, the Court how orders as follows:

1. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court hereby dismisses Defendant Happy Hen Diner from this case.[1]

2. Plaintiffs' counsel Thomas E. Frankovich is hereby ordered to pay to Defendant Cardosa Properties $1,400 for the unnecessary court appearance Mr. Frankovich caused Cardosa's lawyer to make. See Fed. R. Civ. P. 16(f) ("[T]he court may issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order."); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67 (1980) (explaining that a court has inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice," and to maintain "the authority and dignity of the court."). This sanction is to be paid personally by Mr.

---

[1] It is not necessary to reach the question of whether the Happy Hen Diner is a corporate entity or a dba. Plaintiff has not sought to amend the caption.

United States District Court
Northern District of California

1  Frankovich and not by the plaintiffs.  This sum must be paid to Cardosa Properties within ten
2  days of the date of this Order.
3      IT IS SO ORDERED.
4  Dated: June 11, 2015

                         JON S. TIGAR
                      United States District Judge